THE PEOPLE OF THE STATE OF NEW YORK ex rel. PRESCOTT HALL BUTLER, Appellant, v. JOHN S. HUNTING, Justice of the Peace of the Town of Smithtown, and CHARLES E. LAWRENCE, Commissioner of Highways, etc., Respondents.

*Removal of obstructions from highways — 1878, chap, 245.*

Since the passage of chapter 245 of 1878, amending sections 103 and 104 of 1 Revised Statutes, 521 and 522, commissioners of highways have authority to compel the removal of all obstructions or encroachments upon a highway, whether the said highway shall have been laid out, ascertained, described and entered of record, or shall not have been recorded but shall have been used as a public highway for twenty years or more.

APPEAL from an order refusing a writ of prohibition, restraining a justice of the peace from proceeding to try an issue and from rendering a decision in proceedings instituted against the relator to remove an obstruction on a highway.

*Jesse Johnson* and *Prescott Hall Butler*, for the relator.

*Wilmot M. Smith*, for the respondent.

DYKMAN, J.:

The law has invested the commissioners of highways of the towns of this State with power to command the removal of obstructions and encroachments from the highways whenever, in their opinion, it shall be necessary.

The mode of procedure prescribed is to make a written order on the subject, and also to give notice in writing to the occupant and owner of the land, to remove such obstructions or encroachments within sixty days. If the occupant to whom such notice is given shall within five days deny such encroachment the commissioners shall apply to a justice of the peace of the county for a precept, directed to a constable of the town, to summon twelve freeholders thereof to meet and inquire into the premises. On the assembling of the jury they must be sworn by the justice to inquire whether any such encroachment has been made and by whom. This is the scheme of the statutes, as they are now in force, without reference to particular sections or amendments.

One of the defendants in this proceeding is the sole commissioner of highways of the town of Smithtown, in Suffolk county, and he received a complaint that the relator had obstructed one of the highways of his town with gates. He examined the road and ascertained that the relator had erected gates across the road in two places. Thereupon he made the order and served the notice required by the statute in such cases. Within the legal period the relator served a written denial of the obstruction in which he said, among other things, "I beg to assure you that you are mistaken in supposing that the gates I have erected and am maintaining obstruct any highway." Thereupon the commissioner made application to the other defendant in this proceeding for the precept for the jury to make the inquiry prescribed by the statute. On the

return day of the precept the relator appeared before the justice and filed another paper, in which he admitted the erection of the gates, but denied the highway, and claimed that the gates were not an encroachment within the statute, because they wholly barred and obstructed the highway, if any existed. A dismissal of the proceeding was demanded and refused. Then the jury was drawn and sworn to try and determine whether the alleged encroachment was made and by whom. The hearing then proceeded for some time when an adjournment was taken to a future day. Before that day came, the proceedings were arrested by the alternative writ of prohibition.

On the return day, the absolute writ was denied, and the relator has appealed from that order of denial. It was clearly within the competency of the defendants to take the measures and institute the proceedings inaugurated by them, and in so doing they were engaged in the exercise of the powers conferred upon them by the statutes. Nay, more, they were in the discharge of a duty imposed upon them from which they had no escape. They were not attempting the usurpation of unauthorized power or authority, and they were not assuming to hold plea of matters beyond their jurisdiction. The writ of prohibition is not, therefore, the appropriate remedy for the evils anticipated by the relator. That is a prerogative writ whose office is to prevent inferior courts and tribunals from proceeding beyond their jurisdiction in the exercise of judicial functions. It never can be utilized to perform the duty of a writ of error. These considerations lead to an affirmance of the order appealed from, unless the defendants have in some way lost the jurisdiction which they possessed to institute the proceedings originally.

It is the position of the relator that such loss has been sustained, and that the defendants are now proceeding without jurisdiction. That contention is based on the phraseology of the statute controlling the proceedings inaugurated by the defendants.

Previous to the year 1878 proceedings like these were only authorized for the removal of encroachments on, laid out, and ascertained and recorded highways; but by chapter 245 of the Laws of 1878 the statutes were so amended as to include obstructions and encroachments on all roads not recorded which have been used as

public highways for twenty years or more, so that now the statute provides a complete system for the removal both of obstructions and encroachments.

It so happens, however, that the sections providing for the denial of the occupant was not amended, and the word encroachments stands alone in that section, not supplemented by the word obstruction as it is in the other sections. Therefore the relator claims that he was called upon to deny an encroachment only, and that without the interposition of such a denial of an encroachment there was no issue, and could be no precept, no jury, no trial.

That position assumes a very narrow view of the statute; for while there doubtless is, in strictness of language, a philological difference between the words obstruction and encroachment, yet in an effort to ascertain the intention of the legislature from the reading of the statute, the courts are not and cannot be controlled by any such technical considerations. Their object is to ascertain the scope and meaning of the law, the object and aim of the legislature, the evil intended to be reached and the remedy intended to be provided. A comprehensive view of the statutes involved here removes all doubt respecting their construction. The former statutes provided for the summary removal of encroachments only, and the courts held that they had application to recorded highways only. To remedy those restrictions the legislature made the amendments of 1878 so as to include both obstructions and encroachments, and make the statute applicable to roads that had been used as highways for twenty years, so that now we have a complete scheme for the removal of encroachments and obstructions from all the highways specified in the statutes, to the end that they may continue in their unimpaired integrity of the width originally intended.

To hold that the omission of the word obstructions from one of the sections constituting the scheme is sufficient to restrict its operation to cases of encroachment only, would be to neutralize the effect of the provisions and materially impair their usefulness. The scheme is an entirety, and when the relator denied the obstruction he put the commissioner to the trial of the question before the jury. These considerations lead to the conclusion that the defendants were acting within their respective spheres and jurisdictions;

and that all errors committed by them must be corrected by a review of their proceedings.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred in the result; BARNARD, P. J., not sitting.

Order refusing writ of prohibition affirmed, with costs and disbursements.